FILED'08 MAR 17 11:03 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| COLUMBIA AIRCRAFT MANUFACTURING CORPORATION, Debtor-in-Possession,<br><br>Plaintiff,<br><br>vs.<br><br>AFFILIATED FM INSURANCE COMPANY,<br>Defendant. | Civ. No. 07-CV-6357-TC<br><br>ORDER AND OPINION |

Coffin, Magistrate Judge:

Before the court are defendant's Motions to Dismiss and/or Strike (#10). For the following reasons, the motions are denied.

<u>Background</u>

Plaintiff, an airplane manufacturer, brought this action against its insurer for breach of contract, bad faith, and intentional interference with existing and prospective business relations. The dispute concerns whether defendant's denial of certain claims made by plaintiff under the parties' business interruption policy violates common law and contract duties. Specifically, plaintiff asserts that the policy covered lost future income attributable to hailstorm damage to its planes.

1 Opinion and Order

Plaintiff contends that its business was interrupted because the storm required the plaintiff to divert resources from its manufacturing efforts to repair the hail-damaged planes, and that this type of interruption is covered by the policy. Defendant contends that the business interruption insurance instead covers losses arising from damage to the manufacturing operation itself, and because the storm damaged inventory instead, plaintiff's claims exceed the scope of coverage. Plaintiff further asserts that a noncontractual duty of good faith flowed from defendant to plaintiff and further asserts that defendant intentionally interfered with plaintiff's business relationships when it denied coverage, leading to financial hardships including bankruptcy.

In this motion, defendant asserts that plaintiff has failed to state claims for bad faith and intentional interference with existing and prospective business relations.[1] A motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) will be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); Allwaste, Inc. v. Hecht, 65 F3d 1523, 1527 (9th Cir. 1995); Parks Sch. of Bus., Inc. v. Symington, 51 F3d 1480, 1484 (9th Cir. 1995). "The issue is not whether [the] plaintiff will ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Thus, the review is limited to the Complaint, and all allegations of

---

[1] Defendant also moves to dismiss and/or strike a number of claims related to attorney fees and damages. In view of the disposition on plaintiff's tort claims, I consider those motions premature and deny them.

2 Opinion and Order

material fact are taken as true and viewed in the light most favorable to the nonmovant. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 506 U.S. 999 (1992); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

### Discussion

I. Bad Faith

In order to state a claim for bad faith (or, tortious breach of the duty of good faith), a plaintiff in a contractual relationship with the defendant must plead facts demonstrating the existence of an independent, noncontractual duty flowing from defendant to plaintiff, and facts demonstrating the breach of that duty. See Georgetown Realty, Inc. v. The Home Ins. Co., 831 P.2d 7, 11-12 (Or. 1992) (describing existence of special relationship between insured and insurer, which had fiduciary duty to defend insured).

In this case, plaintiff asserts that it shared a special relationship with defendant that gave rise of fiduciary duties that defendant breached. In particular, plaintiff alleges that, beginning at the underwriting stage, defendant assumed a duty of care toward plaintiff when plaintiff provided defendant with specific information concerning plaintiff's procedures and business plans, and when plaintiff relied on defendant to provide plaintiff with insurance coverage that would adequately protect plaintiff from damages arising from events such as the hailstorm that damaged its planes. Complaint, ¶ 47.

Defendant argues that, as a matter of Oregon law, no special relationship giving rise to a duty of good faith can exist under these circumstances. In defendant's view, the contractual

3 Opinion and Order

relationship between a first party insurer to an insured cannot also give rise of an independent tort duty. Thus, the duty at issue is this case is purely contractual, and allegations that plaintiff has set forth in the Complaint describing a special relationship between the parties are subsumed by that duty.

Plaintiff contends that the court must look to the nature of the parties' relationship in order to determine whether a special relationship exists, and that inquiry is necessarily fact-laden. Pointing to the allegations mentioned above, plaintiff argues that the Complaint recites sufficient facts to support the existence of a special relationship and breach of duties flowing therefrom.

The court agrees with defendant that any recognition of an independent tort duty under the circumstances of this case would likely expand the body of Oregon case law that circumscribes "special relationships" between contracting parties, a result that this court should avoid. See, e.g., Barton v. Hartford Ins. Co. of Midwest, CIV. 03-6164-TC, 2005 WL 174849, *5 (D. Or., Jan. 25, 2005) (at summary judgment stage, declining to recognize special relationship between insurer and insured in first party contract).

However, I cannot agree that the claim may be resolved at the pleading stage. As plaintiff points out, the Oregon Supreme Court has explained that when discerning whether an independent duty of care exists between contracting parties, the court must "examine the nature of the parties' relationship and compare that relationship to other relationships in which the law imposes a duty on parties to conduct themselves reasonably, so as to

4 Opinion and Order

protect the other parties to the relationship." <u>Onita Pacific Corp. v. Trustees of Bronson</u>, 843 P.2d 890, 896 (Or. 1992); <u>see also</u> <u>Conway v. Pacific University,</u> 924 P.2d 818, 821 (Or. 1996) (describing factual considerations that indicate existence of a special relationship, such whether the obligee has give responsibility and control over a situation to an obligor), and <u>Bennett v. Farmers Ins. Co. of Oregon</u>, 26 P.3d 785, 799 (Or. 2001) ("We begin by examining all aspects of the relationship between the parties to determine whether one had a special responsibility toward the other.").

Under our notice pleading system, I understand plaintiff to have alleged facts sufficient (albeit barely so) to state a claim for bad faith. Based on Oregon Supreme Court case law emphasizing attention to the facts that characterize the parties' relationship, it is appropriate to allow plaintiff to fully develop the record, in order to specify in further detail aspects of the relationship that plaintiff has already alleged to give rise to a special relationship. See <u>Thompson v. Allied Mut. Ins. Co.</u>, CIV. 99-1076-AS, 2000 WL 264318 (D. Or., Mar. 3, 2000) (denying defendant's Fed. R. Civ. Proc. 12(b)(6) motion to dismiss plaintiffs' claim for tortious breach of good faith and fair dealing over defendant's argument that no extracontractual duty existed where sufficient facts were pleaded).

Any prejudice to the defendant in this matter is limited by the fact that the types of facts that plaintiff seeks to develop in order to substantiate the existence of a special relationship will be relevant to the question of the foreseeability of consequential damages on the contract, an issue relevant in

5 Opinion and Order

subsequent litigation on the contract claim, which defendant has not invoked in this motion to dismiss.

II. Intentional Interference with Existing and Prospective Business Relations

In order to state an intentional interference claim, plaintiff must allege (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages. McGanty v. Staudenraus, 901 P.2d 841, 844 (Or. 1995).

Here, plaintiff has alleged that it had business relationships with suppliers and others, that defendant improperly and intentionally interfered with those relationships when it denied business interruption coverage and failed to settle plaintiff's claims in good faith with full knowledge of the economic hardships that would result, that the impairment to plaintiff's business relationships was caused by financial hardship attributable to the denied claims, and plaintiff was damaged as a result. Complaint, ¶¶ 51-59. In short, plaintiff has pleaded sufficient facts to state the claim for intentional interference with existing and prospective business relations.

//
//
//

6 Opinion and Order

## Conclusion

Defendant's Motions to Dismiss and/or Strike (#10) are denied.

IT IS SO ORDERED.

Dated this 17th day of March, 2008.

THOMAS M. COFFIN
United States Magistrate Judge

7 Opinion and Order